UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ERIC J. BOSAK,
RACHEL BOSAK,
CHRISTIAN BOSAK (an infant),
SEAN BOSAK (an infant), and
ETHAN BOSAK (an infant),

                Plaintiffs,

       -against-

BANK OF AMERICA SPECIALIST, INC.,
BANK OF AMERICA CORPORATION,
ROBERT LUCY, FRANK SMYTH,
MIKE MCCARTHY, JOHN CONKLIN, and
CHRISTOPHER QUICK,

                Defendants.

----------------------------------------------------------------x

COMPLAINT

Case No. 07- CV - 0616 2
Jury Trial Demanded

     Plaintiffs ERIC J. BOSAK ("Eric Bosak"), Rachel Bosak ("Rachel Bosak"), and Christian Bosak, Sean Bosak, and Ethan Bosak (collectively "Plaintiff Children"), by their attorneys, Sklover & Donath, LLC, complaining of Defendants BANK OF AMERICA SPECIALIST, INC., BANK OF AMERICA CORPORATION, ROBERT LUCY, FRANK SMYTH, MIKE MCCARTHY, JOHN CONKLIN and CHRISTOPHER QUICK, (collectively "Defendants"), allege as follows:

### Introductory Statement

    1.    Plaintiffs bring this civil action against Defendants as a result of years of verbal abuse, mental abuse and physical threats upon Eric Bosak by Defendant Robert Lucy and Defendant Frank Smyth; for retaliation against Plaintiff Eric Bosak by his employers for reporting the incident to his Supervisors, including Mike McCarthy and John Conklin; for violation of New York State and New York City laws prohibiting verbal and mental abuse and harassment in the workplace; for supervision and retention of an

unfit employee; for loss of consortium to his wife, Plaintiff Rachel Bosak, for loss of paternal care to Plaintiffs children, Christian Bosak, Sean Bosak and Ethan Bosak and for other causes of action arising therefrom and related thereto.

## I.  JURISDICTION AND VENUE

2.    This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship between the opposing parties and the amount in controversy is in excess of $75,000.00.

3.    Venue is properly in this judicial district in that defendants "reside" in the Southern District of New York within the meaning of 28 U.S.C. §§ 1391(a)(1), (b)(1) and (c).

## II.  THE PARTIES

4.    Eric Bosak is a citizen and resident of the State of Pennsylvania and resides at 405 Brook Hollow Road, East Stroudsburg, Pennsylvania.

5.    Rachel Bosak is the wife of Plaintiff Eric Bosak, and is a citizen and resident of the State of Pennsylvania, residing at 405 Brook Hollow Road, East Stroudsburg, Pennsylvania.

6.    Plaintiffs Christian Bosak, Sean Bosak, and Ethan Bosak are the Plaintiff's infant children, and are citizens and residents of the State of Pennsylvania, residing at 405 Brook Hollow Road, East Stroudsburg, Pennsylvania.

7.    Upon information and belief, Defendant Bank of America Specialist, Inc. ("BASP") is a corporation duly organized and existing under the laws of the State of Delaware.

2

8.    Upon information and belief, Defendant, BASP is authorized to and does conduct and carry on business in the State of New York.

9.    Upon information and belief, Defendant Bank of America Corporation ("BAC") is a corporation duly organized and existing under the laws of the State of Delaware.

10.   Upon information and belief, Defendant Bank of America Corporation is authorized to and does conduct and carry on business in the State of New York.

11.   Upon information and belief, Defendant BASP is a wholly owned subsidiary of Bank of America Corporation.

12.   Upon information and belief, Defendant Robert Lucy, Eric Bosak's direct supervisor at Defendant BASP, is a citizen and resident of the State of New York, who resides in 1460 Gaston Street, Wantagh, New York 11793.

13.   Upon information and belief, Defendant Frank Smyth, a co-worker of Plaintiff Eric J. Bosak at Defendant BASP, is a citizen and resident of the State of New Jersey who resides in 1 Spruce Hollow, Upper Saddle River, New Jersey 07458.

14.   Upon information and belief, Defendant Mike McCarthy, a supervisor at Defendant BASP, is a citizen and resident of the State of New York, who resides in 39 Motley Street, Malverne, New York 11565.

15.   Upon information and belief, Defendant John Conklin, a supervisor at Defendant BASP, is a citizen and resident of the State of New Jersey, who resides in 8 Brookside Drive, Rumson, New Jersey 07760.

16.   Upon information and belief, Defendant Christopher Quick, CEO at BASP, is a citizen and resident of the State of New York, who resides in Purchase, New York.

3

### III. FACTUAL BACKGROUND

A.    Plaintiff Eric Bosak is Hired by Defendants

17.    Eric Bosak is 35 years of age and has obtained his license Series 63 and 52.

18.    On or about September 11, 2000, Eric Bosak commenced employment with Defendant BASP as a Specialist Clerk. Eric Bosak was promoted to the position of Specialist working on the NYSE floor, supporting specialist trading functions.

19.    Eric Bosak reported directly to Defendant Robert Lucy, whose actions, along with Defendant Frank Smyth, toward Eric Bosak were extraordinarily hostile and abusive.

B.    Defendants Lucy's and Smyth's Abuse of Plaintiff Eric

20.    Eric Bosak has been employed by BASP for six years; his most current role has been on the NYSE floor, supporting specialist trading functions.

21.    Eric Bosak reported directly to Defendant Robert Lucy; Defendant Lucy was considered a "rainmaker" for the company.

22.    Throughout Eric Bosak's employment Defendant Lucy engaged in willful, intentional, hostile and abusive actions toward Eric Bosak resulting in physical, mental and financial harm to Eric Bosak.

23.    Defendant Robert Lucy would repeatedly: (a) scream so loud at Eric Bosak that his ears would hurt, (b) yell directly into Eric Bosak's face so that food in Mr. Lucy's mouth splattered on to Eric Bosak's clothing and face, (c) throw objects at Plaintiff Eric, such as, computer key boards, pens, and pencils, (d) permit his employees, including Frank Smyth, to threaten to physically beat

4

Plaintiff Eric, (e) threaten to have Plaintiff Eric fired, and ruin his career, if he complained about these acts of cruelty.

24.    Defendant Lucy had Eric Bosak demoted when Plaintiff Bosak began to suffer the effects of his abuse.

25.    All of the aforementioned abusive and hostile acts, which occurred over a three year period, from 2003 through 2006, were done deliberately and directed at causing physical and mental harm upon Eric Bosak, and in fact did cause such physical and mental harm to Eric Bosak.

26.    Plaintiff Eric had on numerous occasions complained about the improper actions of Defendant Lucy to other, higher-up supervisors at BASP, including Defendant Mike McCarthy, Defendant John Conklin, and BASP CEO, Defendant Christopher Quick.

27.    To Plaintiff Eric's dismay and further depression, Defendants McCarthy, Conklin, and Quick have (a) done nothing to investigate the matter, and (b) done nothing to ameliorate the abuse,

28.    Instead, Defendants McCarthy, Conklin and Quick informed Defendant Lucy of Eric Bosak's complaints, which further incensed Defendant Lucy.

29.    Defendant Frank Smyth, who threatened to physically beat Plaintiff Eric, purportedly came to work regularly under the influence of alcohol.

30.    Plaintiff Eric reported this problem to Defendant John Conklin, and again complete indifference was shown as no action was taken against Defendant Smyth.

31.    Defendants exhibited a complete and utter failure to supervise its employees in creating and allowing this hostile work environment and pattern of abusive behavior to persist over the course of three years.

32.    Upon information and belief, it is Eriic Bosak's intimate knowledge of,

5

and his expressed concerns about Defendant Lucy's improper actions and business manner that was the motivating factor behind Defendant Lucy's intentional actions directed to intimidate and remove Plaintiff Eric from the NYSE floor.

B.    The Damaging Effects to the Plaintiffs

33.    As a result of the intentional acts of abuse, directed at causing harm to Eric Bosak, by Defendant Lucy and Defendant Smyth, and the subsequent retaliatory acts by Defendants, Plaintiff Eric has suffered extreme levels of emotional disturbance, anxiety, panic and other emotional distress.

34.    After doing all he could do to endure this abuse and hostility, which only grew worse as he spoke to his supervisors, Eric Bosak began to suffer from severe panic attacks and deep depressions for the first time in his life.

35.    Prior to Eric Bosak's employment with Defendants, there was no history of depression, anxiety or panic attacks.

36.    From July 6 to July 7, 2006, as a result of Defendants deliberate and willful actions, Eric Bosak experienced a panic attack so severe that it resulted in his being hospitalized, being put on multiple prescription medications, and his placement under the care of a medical doctor, psychologist, and psychiatrist.

37.    Eric Bosak was hospitalized a second time for the same medical condition from November 28 to November 29, 2006.

38.    As a result of Defendants intentional actions directed at Eric Bosak, Eric Bosak has been classified as totally disabled and has been awarded Long Term Disability Benefits.

39.    As a result of the of the intentional acts of hostility, harassment and

6

abuse on Eric Bosak by Defendant Robert Lucy and Defendant Frank Smyth, and the subsequent retaliatory acts by Defendants, Eric Bosak has been denied his salary and benefits as an employee.

40.  . As a result of the deliberate acts of hostility, harassment and abuse, directed at causing harm to Eric Bosak, he is afraid and unable to return to work.

41.   As a result of the acts of hostility, harassment and abuse directed at Eric Bosak, by Defendant Robert Lucy and Defendant Frank Smyth, and the subsequent retaliatory acts by Defendants, Plaintiff Rachel Bosak has been denied the same level of presence, support, assistance, and spousal attention she formerly received from her husband, Eric Bosak, and will likely continue to be so denied.

42.   As a result of the acts of hostility, harassment and abuse directed at Eric Bosak, by Defendant Robert Lucy and Defendant Frank Smyth, and the subsequent retaliatory acts by Defendants, Plaintiffs children Christian Bosak, Sean Bosak, and Ethan Bosak have been denied the same level of parental care and attention they formerly received from their father, Eric Bosak, and will likely continue to be so denied.

43.   As a result of the intentional acts of hostility, harassment and abuse directed at Eric Bosak by Defendant Robert Lucy and Defendant Frank Smyth, and the subsequent retaliatory acts by Defendants, Plaintiff Eric has been prescribed anti-anxiety and anti-depression medication, such as, Depakote, Mirtazapine, Buspar, Paxil, Klonopin, Trazodone, Seroquel, Amitryptiline and Effexor, that makes him experience life in a "dulled, passive, impassioned" way that has changed his personality.

44.   Eric Bosak is no longer the same person he was prior to the abuse, and yearns to be that other person, before he was subjected to the constant acts of abuse.

45.   As a result of the intentional acts of hostility, harassment and abuse directed at Eric Bosak by Defendant Robert Lucy and Defendant Frank Smyth, and the subsequent retaliatory acts by Defendants, Eric Bosak finds himself unable to

7

concentrate and accomplish daily tasks that are necessary to take care of himself, his home, his wife, and his children.

46.    As a result of the intentional acts of hostility, harassment and abuse directed at Eric Bosak by Defendant Robert Lucy and Defendant Frank Smyth, and the subsequent retaliatory acts by Defendants, Eric Bosak's life has forever been changed for the worse.

## IV.    FIRST CLAIM FOR RELIEF

### (Assault against Defendants Lucy and Smyth,
### Bank of America Specialist Inc. and Bank of America Corporation)

47.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through and including 47 of this complaint as if fully restated at length herein.

48.    As a result of the foregoing, Eric Bosak was intentionally and unreasonably placed in fear of immediate harm to his person, and has incurred damages thereby for which Defendants Lucy and Smyth are liable.

49.    As a result of the foregoing, Defendants Bank of America Specialist, Inc., and Bank of America Corporation are liable to Eric Bosak under the theory of *Respondeat Superior.*

50.    Accordingly, Eric Bosak is entitled to recover an amount no less than $10 million from Defendants, plus attorney's fees and costs, and interest thereon.

## V.    SECOND CLAIM FOR RELIEF

### (Battery against Defendants Lucy and Smyth,
### Bank of America Specialist Inc. and Bank of America Corporation)

51.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1

through and including 51 of this complaint as if fully restated at length herein.

52.    As a result of the foregoing, Eric Bosak has been unreasonably harmed, and has incurred damages thereby for which Defendants Lucy and Smyth are liable.

53.    As a result of the foregoing, Defendants Bank of America Specialist, Inc. and Bank of America Corporation are liable to Eric Bosak under the theory of *Respondeat Superior*.

54.    Accordingly, on this basis Eric Bosak is entitled to recover an amount no less than $10 million from Defendants, plus attorney's fees and costs, and interest thereon.

## VI.    THIRD CLAIM FOR RELIEF

**(Statutory Violation - Retaliation for Reporting Physical Threats and Mental Abuse against Defendants Lucy and Smyth, Bank of America Specialist Inc., and Bank of America Corporation)**

55.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through and including 55 of this complaint as if fully restated at length herein.

56.    The NYCHRL and the NYSHRL both prohibit retaliation against a person who reports physical threats, mental abuse, and harassment in the workplace.

57.    Defendants Robert Lucy and Frank Smyth, on their own behalf and on behalf of all Defendants, deliberately planned, carried out and supervised a campaign of retaliation against Eric Bosak for his numerous reports of physical threats, mental abuse and improper business behavior to Defendants Mike McCarthy, John Conklin, Christopher Quick, Bank of America Specialist Inc., and Bank of America Corporation.

58.    Accordingly, on this basis Eric Bosak is entitled to recover an amount no less than $10 million from Defendants, plus attorney's fees and costs and interest thereon.

## VII.    FOURTH CLAIM FOR RELIEF

### (Breach of Contract – Failure to Provide a Safe Work Environment against, All Defendants)

59.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through and including 59 of this complaint as if fully restated at length herein.

60.     The numerous acts of abuse and wrongful behavior directed at Eric Bosak by Defendant Lucy and the indifference to that behavior shown by Defendants McCarthy, Conklin and Quick created an unsafe and hostile work environment.

61.     Defendants behavior and ultimate retaliation directed at Eric Bosak for "speaking out" – is a breach of contract.

62.     Eric Bosak has suffered damages, and continues to suffer damages, as a direct consequence of Defendants' breach of contract.

Accordingly, on this basis Plaintiff Eric Bosak is entitled to recover an amount no less than $10 million from Defendants, plus attorney's fees and costs and interest thereon.

## VIII.    FIFTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Harm against All Defendants)

63.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through and including 63 of this complaint as if fully restated at length herein.

64.     The many acts of each of the Defendants, including those of its officers and CEO Christopher Quick, were deliberately designed to, directed at, and did in fact, as a proximate cause inflict emotional distress upon Eric Bosak.

65.     Accordingly, on this basis Eric Bosak is entitled to recover an amount no

less than $10 million from Defendants, plus attorney's fees and costs and interest thereon.

## XI.    SIXTH CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Harm against All Defendants)

66.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through and including 66 of this complaint as if fully restated at length herein.

67.    Defendants knew, or should have known, that the many acts taken with respect to Eric Bosak, and the acts of abuse by Defendants Robert Lucy and Frank Smyth that he suffered, would result in severe emotional harm to Eric Bosak.

68.    Defendants had a common law duty of care to refrain from taking the steps that did, in fact, as a proximate cause, result in severe emotional harm to Eric Bosak, which duty of care they failed to exercise and fulfill.

69.    Accordingly, on this basis Eric Bosak is entitled to recover an amount no less than $10 million from Defendants, plus attorney's fees and costs and interest thereon.

## X.    SEVENTH CLAIM FOR RELIEF

### (Negligent Hiring, Supervision and Retention of Unfit Employees Against All Defendants)

70.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through and including 70 of this complaint as if fully restated at length herein.

71.    Defendants had a common law duty to provide Eric Bosak with a safe workplace.

72.    Defendants knew of the abusive acts and wrongful behavior of Defendant Lucy and Defendant Smyth and failed to take any steps to stop the ongoing

abuse.

73.    Defendants breached their duty to Eric Bosak to provide a safe workplace by failing to take reasonable steps to determine the fitness of Defendants Robert Lucy and Frank Smyth and in failing to address the abusive atmosphere and improper behavior.

74.    Defendants breached their duty to Eric Bosak to provide a safe workplace by failing to adequately supervise Defendants Robert Lucy and Frank Smyth.

75.    Defendants acted in reckless and/or intentional disregard of Plaintiff Eric's safety and well being in breaching its duty to provide him a safe workplace, as Defendants had actual knowledge of the undue risk caused by Defendant Robert Lucy's and Defendant Frank Smyth's employment, and the specific threat of harm to which it was exposing Eric Bosak, and, despite this knowledge, it failed to take corrective measures.

76.    Accordingly, on this basis Eric Bosak is entitled to recover an amount no less than $10 million from Defendants, plus attorney's fees and costs and interest thereon.

## XI.    EIGHTH CLAIM FOR RELIEF

### (Loss of Consortium against All Defendants)

77.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through and including 77 of this complaint as if fully restated at length herein.

78.    As a result of the damages Eric Bosak has suffered, he is less able and less available to act as husband, companion, partner and friend to his wife, Plaintiff Rachel Bosak, and in fact has not provided to Plaintiff Rachel Bosak that same degree of spousal support and services as he did prior to the abusive acts and retaliation by

Defendants.

79.    Accordingly, on this basis Plaintiff Rachel Bosak is entitled to recover an amount no less than $10 million from Defendants, plus attorney's fees and costs and interest thereon.

## XII.    NINTH CLAIM FOR RELIEF

### (Loss of Paternal Care against All Defendants)

80.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through and including 80 of this complaint as if fully restated at length herein.

81.    As a result of the damages Eric Bosak has suffered, he is less able and less available to act as father, nurturer, caregiver, and companion to his children, Christian Bosak, Sean BosaK, and Ethan Bosak and in fact has not provided to Plaintiffs, Christian Bosak, Sean Bosak, and Ethan Bosak that same degree of fatherly support and services as he did prior to the abusive acts and retaliation by Defendants.

82.    Accordingly, on this basis Plaintiffs, Christian Bosak, Sean Bosak, and Ethan Bosak are entitled to recover an amount no less than $10 million from Defendants, plus attorney's fees and costs and interest thereon.

WHEREFORE, Plaintiffs Eric Bosak, Rachel Bosak, Chrisyian Bosak, Sean Bosak, and Ethan Bosak demand judgment against Defendants as follows:

(a) On the **First Claim for Relief**, Plaintiffs demand judgment against Defendants in an amount no less than $10,000,000, together with attorneys' fees, costs and interest thereon;

(b) On the **Second Claim for Relief**, Plaintiffs demand judgment against Defendants in an amount no less than $10,000,000, together with attorneys' fees, costs and interest

thereon;

(c) On the **Third Claim for Relief**, Plaintiffs demand judgment against Defendants in an amount no less than $10,000,000, together with attorneys' fees, costs and interest thereon;

(d) On the **Fourth Claim for Relief**, Plaintiffs demand judgment against Defendants in an amount no less than $10,000,000, together with attorneys' fees, costs and interest thereon;

(e) On the **Fifth Claim for Relief**, Plaintiffs demand judgment against Defendants in an amount no less than $10,000,000, together with attorneys' fees, costs and interest thereon;

(f) On the **Sixth Claim for Relief**, Plaintiffs demand judgment against Defendants in an amount no less than $10,000,000, together with attorneys' fees, costs and interest thereon;

(g) On the **Seventh Claim for Relief**, Plaintiffs demand judgment against Defendants in an amount no less than $10,000,000, together with attorneys' fees, costs and interest thereon;

(h) On the **Eighth Claim for Relief**, Plaintiffs demand judgment against Defendants in an amount no less than $10,000,000, together with attorneys' fees, costs and interest thereon;

(h) On the **Ninth Claim for Relief**, Plaintiffs demand judgment against Defendants in an amount no less than $10,000,000, together with attorneys' fees, costs and interest thereon;

All together totaling the sum of $90 million.

And for such other, further, additional and different relief as may be deemed just and proper by the Court.

14

Dated: New York, New York
     June 28 2007

Respectfully,

SKLOVER & DONATH, LLC

By: _____

    David Stand, ESQ. (DS-3135)
    Attorneys for Plaintiffs
    Ten Rockefeller Plaza
    Suite 816
    New York, NY 10020
    (212) 757-5000

15