UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ERIC J. BOSAK,

                Plaintiff,

    -against-

BANK OF AMERICA SPECIALIST, INC.,
BANK OF AMERICA CORPORATION,
ROBERT LUCY, FRANK SMYTH,
JOHN CONKLIN and CHRISTOPHER QUICK,

                Defendants.
--------------------------------------------------------x

SECOND AMENDED COMPLAINT

Case 07 Civ 6162 (MGC)

Jury Trial Demanded

RECEIVED
DEC 12 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff ERIC J. BOSAK ("Eric Bosak") by his attorneys, Sklover & Donath, LLC, complaining of Defendants BANK OF AMERICA SPECIALIST, INC., BANK OF AMERICA CORPORATION, ROBERT LUCY, FRANK SMYTH, JOHN CONKLIN and CHRISTOPHER QUICK (collectively "Defendants"), alleges as follows:

### Introductory Statement

1.    Plaintiff brings this civil action against Defendants, who were his employers, and his employer's managers and officers, as a result of Defendants' treatment of Plaintiff in violation of the New York City and New York State laws prohibiting discrimination on the basis of disability and perceived disability, and for retaliation for reporting such discrimination, to wit, when Plaintiff Eric J. Bosak began to experience difficulty and an inability to perform basic certain life functions and employment duties due to stress-related debilitating illness and emotional incapacitation, Defendants' discriminated against him by intimidating, taunting and attacking him with verbal abuse, mental abuse, physical abuse and threats of physical beatings, and other outrageous, extreme, indecent and uncivilized conduct, in the way predatory bullies treat a perceived weaker, defenseless person, which discriminatory conduct was known to, permitted, condoned and encouraged by the corporate Defendants, and, further, retaliated against Plaintiff when he objected

to and reported such discrimination, and (b) in violation of Defendants' repeated representations, assurances and promises to their employees, including Plaintiff Eric J. Bosak, that reporting of and objecting to illegal activity and violence in the workplace would not result in retaliation for doing so when, after Plaintiff Eric J. Bosak reported to his superiors, and raised objections to his superiors, regarding the illegal, discriminatory, violent treatment he was subject to by Defendants on the basis of his perceived disability, Defendants retaliated against him by engaging in, and condoning, yet further acts of extreme cruelty, depravity, violence and subhuman treatment against him, thus rendering him further disabled, entirely incapable of employment, and under continual medical care for mental and emotional stress as a direct result of which Plaintiff Eric J. Bosak entered an inpatient mental health facility, had to undergo medical and professional treatment by medication, therapy and otherwise, and suffered and continues to suffer lifelong injury and loss, and for then demoting Plaintiff, and terminating Plaintiff's employment in connection therewith.

## I. JURISDICTION AND VENUE

2.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship between the opposing parties and the amount in controversy is in excess of $75,000.00.

3.  Venue is proper in this judicial district in that defendants "reside" in the Southern District of New York within the meaning of 28 U.S.C. §§ 1391(a)(1), (b)(1) and (c).

## II. **THE PARTIES**

4.   Eric Bosak is a citizen and resident of the State of Pennsylvania and resides at 405 Brook Hollow Road, East Stroudsburg, Pennsylvania.

5.   Upon information and belief, Defendant Bank of America Specialist, Inc. ("BASP") is a corporation duly organized and existing under the laws of the State of Delaware.

6.   Upon information and belief, Defendant, BASP is authorized to and does conduct and carry on business in the State of New York.

7.   Upon information and belief, Defendant Bank of America Corporation ("BAC") is a corporation duly organized and existing under the laws of the State of Delaware.

8.   Upon information and belief, Defendant BAC is authorized to and does conduct and carry on business in the State of New York.

9.   Upon information and belief, Defendant BASP is a wholly owned subsidiary of Defendant BAC.

10.  Upon information and belief, Defendant Robert Lucy, Eric Bosak's direct supervisor at Defendant BASP, is a citizen and resident of the State of New York, who resides in 1460 Gaston Street, Wantagh, New York 11793.

11.  Upon information and belief, Defendant Frank Smyth, a co-worker of Plaintiff Eric J. Bosak at Defendant BASP, is a citizen and resident of the State of New Jersey who resides in 1 Spruce Hollow, Upper Saddle River, New Jersey 07458.

12.  Upon information and belief, Defendant John Conklin, a supervisor at Defendant BASP, is a citizen and resident of the State of New Jersey, who resides in 8 Brookside Drive, Rumson, New Jersey 07760.

13.  Upon information and belief, Defendant Christopher Quick, CEO at BASP, is a citizen and resident of the State of New York, who resides in Purchase, New York, and is an employee and officer of Defendant BAC.

### III.    FACTUAL BACKGROUND

#### A.    Plaintiff Eric Bosak is Hired by Defendants

14.    Eric Bosak is a male, 35 years of age, a husband, a father and the sole financial provider for his family.

15.    Eric Bosak is a licensed securities representative who has successfully completed his Series 63 license requirements.

16.    On or about September 11, 2000, Eric Bosak commenced employment with Defendant BASP as a Specialist Clerk, and was thereafter promoted to the position of Specialist working on the New York Stock Exchange ("NYSE") trading floor, supporting specialist trading functions, on behalf of Defendants BASP and BAC.

17.    Eric Bosak reported directly to Defendant Robert Lucy, whose actions, along with those of Defendant Frank Smyth, toward Eric Bosak were extraordinarily hostile and abusive, outrageous in character, extreme in degree, and beyond all bounds of decency, so as to be atrocious, and utterly intolerable in civilized society.

#### B.    Defendants' Abuse of Plaintiff Eric Bosak

18.    Eric Bosak has been employed by Defendant BASP for six years; his most current role has been on the NYSE floor, supporting specialist trading functions.

19.    Eric Bosak reported directly to Defendant Robert Lucy, considered a "rainmaker" for the company.

20.    Throughout Eric Bosak's employment by Defendant BASP Defendant Lucy engaged in willful, intentional, hostile and abusive actions toward Eric Bosak resulting in physical, mental and emotional harm to Eric Bosak.

21. Among other atrocious and uncivilized acts, Defendant Robert Lucy repeatedly: (a) screamed so loud at Eric Bosak that his ears would hurt, (b) yelled directly into Eric Bosak's face so that food in Mr. Lucy's mouth splattered on to Eric Bosak's clothing and face, (c) threw objects at Plaintiff Eric Bosak, including among others, computer key boards, pens, and pencils, (d) permitted his employees, including Frank Smyth, to threaten to physically beat Plaintiff Eric Bosak, and (e) threatened to have Plaintiff Eric Bosak fired, and ruin his career, if he complained about these acts of cruelty.

22. As a result of the abuse he suffered, Plaintiff Eric Bosak became fearful of going to work, anxious, experienced difficulty in sleeping and other daily physical functions, and limited in his ability to perform his workplace duties and suffered impairment in normal life activities.

23. Defendant Lucy had Eric Bosak demoted when Plaintiff Bosak began to suffer the effects of his abuse and appeared to others to suffer from the impairment in his abilities and functions.

24. On numerous occasions Plaintiff Eric Bosak complained about the improper actions of Defendant Lucy to other, higher-up supervisors at BASP, including non-party Mike McCarthy, Defendant John Conklin, and BASP CEO, Defendant Christopher Quick.

25. Upon information and belief, BASP CEO Defendant Christopher Quick was an officer of Defendant BAC, and was obligated by his official duties to report such abuse to Defendant BAC.

26. Upon information and belief, corporate Defendants BASP and BAC, with the knowledge of the abuse committed against Eric Bosak by BASP's employees, managers and officers, permitted, condoned and consented to the abuse, discrimination and retaliation being committed against Plaintiff Eric Bosak.

27. Upon information and belief, corporate Defendants BASP and BAC, failed to take appropriate and necessary steps to put a halt to the abuse, discrimination and retaliation of Plaintiff Eric Bosak by its officers, managers, the individual defendants.

28.     To Plaintiff Eric Bosak's additional dismay and further depression, Defendants took no steps to (a) investigate the reports of abuse of Eric Bosak, (b) separate the abusers from their victim, Eric Bosak, (c) halt the abuse to which Eric Bosak was subject, in these ways condoning, permitting, consenting to, and participating in the continuation of such abuse.

29.     Instead, non-party Mike McCarthy, and Defendants Conklin and Quick informed Defendant Lucy of Eric Bosak's complaints, which further incensed Defendant Lucy.

30.     Upon information and belief, at all time relevant hereto the individual Defendants were acting within the scope of their jobs, in their corporate capacities as supervisors, managers and officers of the corporate Defendants, in a coordinated campaign, in conspiratorial fashion.

31.     Upon information and belief, Defendant Frank Smyth threatened to physically beat Plaintiff Eric Bosak because Eric Bosak complained of the abusive, discriminatory, retaliatory actions taken against him.

32.     Plaintiff Eric Bosak reported this problem to Defendant John Conklin, and again complete indifference was shown as no action was taken against Defendant Smyth.

33.     Defendants exhibited a complete and utter failure to supervise its employees in creating and allowing this pattern of abusive behavior to persist over the course of three years.

34.     Upon information and belief, Eric Bosak's intimate knowledge of, and his expressed concerns about Defendant Lucy's improper actions and business manner was one of the motivating factors behind Defendant Lucy's intentional actions directed to intimidate and remove Plaintiff Eric Bosak from the NYSE floor.

### C.     The Damaging Effects to Plaintiff

35.     As a direct result of the acts of abuse directed at Plaintiff Eric Bosak by Defendants, the discriminatory actions against Plaintiff Eric Bosak on the basis of his perceived disability, and the subsequent retaliatory acts against Plaintiff Eric Bosak by Defendants, Plaintiff Eric Bosak

suffered extreme levels of emotional disturbance, anxiety, panic and other emotional distress and disorders which required his being committed to a residential mental health facility, and to engage the services of medical and psychiatric therapies and services, including among them medications.

36. After doing all he could do to endure this abuse and hostility, which only grew worse as he spoke to his supervisors, Eric Bosak began to suffer from severe panic attacks and deep depressions for the first time in his life. Prior to Eric Bosak's employment with Defendants, there was no history of depression, anxiety or panic attacks.

37. On July 5, 2006, Defendants deliberately and negligently abused and punished Eric Bosak by assigning him duties that were designed to be so unusual, so anxiety-provoking and so stressful that they knew or should have known would be emotionally and physically unhealthy and dangerous for him, to wit simultaneous coverage of 45-50 stocks with higher liability, compared with the usual 8-10 stocks assigned to others.

38. The very next two days, from July 6 to July 7, 2006, as a result of Defendants deliberate and willful actions, Eric Bosak experienced a panic attack so severe that it resulted in his being hospitalized, being put on multiple prescription medications, and his placement under the care of a medical doctor, psychologist, and psychiatrist.

39. Plaintiff Eric Bosak was hospitalized a second time for the same medical condition from November 28 to November 29, 2006.

40. As a result of Defendants actions directed at Eric Bosak, Eric Bosak has been certified by medical personnel to be totally disabled and has been awarded Long Term Disability Benefits.

41. As a result of the of the acts of discriminatory and retaliatory hostility, harassment, violence and abuse on Eric Bosak by Defendants, and the subsequent retaliatory acts by Defendants, Eric Bosak has been denied his salary and benefits as an employee, and he was demoted and later fired.

42. As a result of the acts of discriminatory and retaliatory hostility, harassment,

violence and abuse directed at and causing harm to Eric Bosak by Defendants, he is afraid and unable to return to work.

43. As a result of the acts of discriminatory and retaliatory hostility, harassment, violence and abuse directed at Eric Bosak by Defendants, and the subsequent retaliatory acts by Defendants, Plaintiff Eric has been prescribed multiple anti-anxiety and anti-depression medications, including among them Depakote, Mirtazapine, Buspar, Paxil, Klonopin, Trazodone, Seroquel, Amitryptiline and Effexor, that makes him experience life in a "dulled, passive, impassioned" way that has changed his personality.

44. Eric Bosak is no longer the same person he was prior to the abuse and violence, and yearns to be that other person, before he was subjected to the constant acts of discriminatory and retaliatory abuse.

45. As a result of the acts of discriminatory and retaliatory hostility, harassment, violence and abuse directed at Eric Bosak by Defendants, and the subsequent retaliatory acts by Defendants, Eric Bosak finds himself unable to concentrate and accomplish daily tasks that are necessary to take care of himself, his home, his wife, and his children.

46. As a result of the acts of discriminatory and retaliatory hostility, harassment, violence and abuse directed at Eric Bosak by Defendants, and the subsequent retaliatory acts by Defendants, Eric Bosak's life has forever been changed for the worse.

47. Upon information and belief, each of the acts of discriminatory and retaliatory hostility, harassment, violence and abuse directed at Eric Bosak by Defendants were committed by the individual Defendants in their capacities on behalf of, and in furtherance of the interests and objectives of, the corporate Defendants.

48. Upon information and belief, the acts of hostility, harassment, violence and abuse directed at Eric Bosak were coordinated, prearranged and planned by the Defendants, in conspiratorial fashion, and together constituted a continuing pattern of group behavior.

49. Upon information and belief, Defendants BAC and BASP enacted and espoused

corporate policies by which they assured their employees that they would not be retaliated against (including being fired) for reporting to their supervisors a problem, impropriety, discrimination, harassment or violence in the workplace, but would be protected from any such retaliation.

50. Upon information and belief, Defendants BAC and BASP assured their employees, including among them Plaintiff Eric Bosak, that their jobs and other interests would be safe if they reported to their supervisors a problem, impropriety, harassment or violence in the workplace.

51. In reporting the violence and abuse he suffered, Plaintiff Eric Bosak relied upon the assurances of Defendants BAC and BASP to his substantial detriment.

52. Upon information and belief, at all times relevant hereto, corporate Defendants BAC and BASP acted through their managers, supervisors and officers, including among them the individual Defendants.

53. Upon information and belief, after Plaintiff Eric Bosak became increasingly unable to handle the violence and abuse served upon him by Defendants, he became increasingly unable to work, to sleep, to eat, and in other ways disabled and perceived as disabled by the Defendants.

54. Upon information and belief, Defendants' abuse of Plaintiff Eric Bosak was based on their perception that he was a disabled person, and Defendants' hostile treatment of Plaintiff Eric Bosak, including their demotion of him, and their termination of his employment, were forms of illegal discrimination and retaliation against Plaintiff Eric Bosak for resisting such discriminatory behavior by Defendants.

55. Upon information and belief, the numerous acts of hostility, harassment, violence and abuse directed at Eric Bosak by Defendants were in themselves, and together as a part of an intentional, coordinated conspiracy by Defendants to bully and badger, and otherwise discriminate against Plaintiff Eric Bosak, due to his disability, and to retaliate against him for complaining about and objecting to that discrimination and retaliation.

## I.    FIRST CLAIM FOR RELIEF

**(Statutory Violation – Illegal Discriminatory Acts based Upon Plaintiff's Appearance of Disability and Defendants' Perception Thereof )**

56.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through and including 55 of this complaint as if fully restated at length herein.

57.    The NYCHRL and the NYSHRL both prohibit discriminatory acts against a person who is disabled or perceived to be disabled.

58.    Defendants engaged in numerous acts of discriminatory conduct against Plaintiff Eric Bosak based upon his disability and/or perception of disability.

59.    By Defendants' treatment of Plaintiff, they violated the NYCHRL and the NYSHRL.

60.    Accordingly, on this basis Plaintiff Eric Bosak is entitled to recover an amount no less than $10 million from Defendants, plus attorney's fees and costs and interest thereon.

## II.    SECOND CLAIM FOR RELIEF

**(Statutory Violation – Illegal Retaliatory Acts against Plaintiff
For His Reporting and Objecting to Discriminatory Treatment
Based on His Disability, Appearance of Disability,
and/or Defendants' Perception Thereof )**

61.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through and including 60 of this complaint as if fully restated at length herein.

62.    The NYCHRL and the NYSHRL both prohibit retaliation against a person who has reported, complained of and/or objected to illegal discriminatory conduct based upon disability and/or perceived disability.

63.    Defendants retaliated against Plaintiff Eric Bosak for reporting, complaining of, and/or objecting to the illegal retaliation against him for his reporting, complaining of and/or objecting to their discriminatory conduct against him based upon his disability and/or perceived disability.

64. By Defendants' retaliatory treatment of Plaintiff, they violated the NYCHRL and the NYSHRL.

65. Accordingly, on this basis Plaintiff Eric Bosak is entitled to recover an amount no less than $10 million from Defendants, plus attorney's fees and costs and interest thereon.

### III.   THIRD CLAIM FOR RELIEF

### (Breach of Contract – Express and Implied Contract Not to Retaliate for Registering a Valid Workplace Claim or Concern against Defendants BASP and BAC)

66. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through and including 65 of this complaint as if fully restated at length herein.

67. Defendants BAC and BASP represented to, assured, and promised Plaintiff Eric Bosak he would not be retaliated against if he reported to his superiors workplace violence, hostility, abuse, harassment, impropriety or other misconduct, or filed complaints related thereto.

68. Plaintiff Eric Bosak relied on the representations, assurances and promises of non-retaliation of Defendants BAC and BASP (a) when he reported to his superiors the horrific abuse he was subject to, (b) when he reported to his superiors the discrimination and retaliation against him, (c) when he objected to the retaliation he was subject to, and (d) when he appealed to his superiors to put a halt to their horrific abuse of him.

69. Plaintiff Eric Bosak was harmed as a result of his reasonable reliance on the representations, assurances and promises of protection from retaliation made to him by Defendants BAC and BASP.

65. Defendants BAC and BASP knew of the reasonable reliance of Plaintiff Eric Bosak, and knew of the demotion, the harassment and abuse, and the termination that followed the reasonable reliance.

66. Eric Bosak has suffered damages, and continues to suffer damages, as a direct consequence of Defendants' breach of contract.

67. Accordingly, on this basis Plaintiff Eric Bosak is entitled to recover an amount no less than $10 million from Defendants BASP and BAC, plus attorney's fees and costs and interest thereon.

**WHEREFORE**, Plaintiff Eric Bosak demands judgment against Defendants as follows:

(a) On the **First Claim for Relief**, Plaintiffs demand judgment against all Defendants in an amount no less than $10 million, together with attorneys' fees, costs and interest thereon;

(b) On the **Second Claim for Relief**, Plaintiffs demand judgment against all Defendants in an amount no less than $10 million, together with attorneys' fees, costs and interest thereon;

(c) On the **Third Claim for Relief**, Plaintiffs demand judgment against Defendants BAC and BASP in an amount no less than $10 million, together with, attorneys' fees, costs and interest thereon;

(d) Against all Defendants, for **Punitive Damages** of $25 million under the New York City Human Rights Law Section 8-502(a), for the extreme, uncivilized, reprehensible, egregious and odious behavior of Defendants toward Plaintiff.

And for such other, further, additional and different relief as may be deemed just and proper by the Court.

Dated: New York, New York
December 11, 2007

Respectfully,

SKLOVER & DONATH, LLC

By: _____
Alan L. Sklover, Esq. (AS-3737)

Attorneys for Plaintiff
Ten Rockefeller Plaza
Suite 816
New York, NY 10020
(212) 757-5000