PROSKAUER ROSE LLP
Lloyd B. Chinn (LC-7953)
Daniel J. O'Donnell (DO-4630)
1585 Broadway
New York, New York 10036-8299
(212) 969-3000
Attorneys for Defendants
Banc of America Specialist, Inc.,
Bank of America Corporation,
Robert Lucey, Frank Smyth, John
Conklin and Christopher Quick

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ERIC J. BOSAK,                                  :
                                                :    07-Civ.-6162 (MGC)
                    Plaintiff,                  :
                                                :
        vs.                                     :    **ANSWER TO SECOND**
                                                :    **AMENDED COMPLAINT**
BANK OF AMERICA SPECIALIST, INC.,               :
BANK OF AMERICA CORPORATION,                    :    **ECF CASE**
ROBERT LUCY, FRANK SMYTH, JOHN                  :
CONKLIN and CHRISTOPHER QUICK,                  :
                                                :
                    Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

   Defendants Banc of America Specialist, Inc. ("BASI") (improperly named herein as "Bank of America Specialist, Inc."), Bank of America Corporation ("BAC"), Robert Lucey (improperly named herein as "Robert Lucy"), Frank Smyth, John Conklin and Christopher Quick (collectively, "Defendants"), by and through their attorneys, Proskauer Rose LLP, state in answer to Plaintiff's Second Amended Complaint (the "Complaint"):

   1.  Defendants deny the allegations contained in Paragraph 1 of the Complaint.

   2.  Defendants deny the allegations contained in Paragraph 2 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's residence.

   3.  Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint, except admit that Robert Lucey had supervisory authority over Plaintiff during some of the time that Plaintiff was employed by BASI, and he is a resident of Wantagh, New York.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint, except admit that Frank Smyth was formerly a co-worker of Plaintiff at BASI, and that he resides at the address set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint, except admit that John Conklin was formerly the President of BASI, and that he resides at the address set forth in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint, except admit that Christopher Quick was formerly the CEO of BASI, and he resides in Purchase, New York.

14. Defendants deny knowledge or information sufficient to form a belief as to the truths of the allegations contained in Paragraph 14 of the Complaint, except admit that Plaintiff is a male.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint, except admit that in or about September 2000 Plaintiff commenced employment with a predecessor firm of BASI as a Trading Assistant, and thereafter, he was promoted to Specialist.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint, except admit that Robert Lucey had supervisory authority over Plaintiff during some of the time that Plaintiff was employed by BASI.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint, except admit that that in or about September 2000 Plaintiff commenced employment with a predecessor firm of BASI and that, in his last position with BASI, Plaintiff worked on the floor of the New York Stock Exchange.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint, except admit that Robert Lucey had supervisory authority over Plaintiff during some of the time that Plaintiff was employed by BASI.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint, except admit that Defendant Christopher Quick has served as an officer of BASI.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's history with respect to depression or panic attacks.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "experienced" on July 6 and 7, 2006.

39. Defendants deny knowledge or information sufficient to form a belief as to the truths of the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint, except admit that Plaintiff has been approved for Long Term Disability benefits and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what medical personnel have "certified."

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint,

except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what medications have been prescribed for Plaintiff.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "yearns to be" or "is no longer."

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "finds himself" unable to do.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint, except admit that BASI and BAC promulgate policies against harassment, discrimination and retaliation and refer to those policies for their contents.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint, except admit that BASI and BAC have written policies against harassment, discrimination and retaliation and refer to those policies for their contents.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Paragraph 52 calls for a legal conclusion to which no response is necessary.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

## AS TO FIRST CLAIM FOR RELIEF

56. Defendants repeat each of their answers to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Paragraph 57 contains legal conclusions to which no answer is necessary.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

## AS TO SECOND CLAIM FOR RELIEF

61. Defendants repeat each of their answers to Paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62. Paragraph 62 contains legal conclusions to which no answer is necessary.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

## AS TO THIRD CLAIM FOR RELIEF

66. Defendants repeat each of their answers to Paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint, except admit that BASI and BAC have written policies against harassment, discrimination and retaliation and refer to those policies for their contents.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70[1] of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

## AS TO THE WHEREFORE PARAGRAPH

73. Defendants deny that Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph of the Complaint or its subsections (a) through (d), or any relief.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of actual damages, compensatory damages, punitive damages, attorneys' fees and/or injunctive relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or filing periods.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered damages, which Defendants expressly deny, he has failed to make reasonable effort to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with §8-502 of the New York City Administrative Code.

---

[1] Beginning at the bottom of Page 11 of the Second Amended Complaint, the paragraphs are incorrectly numbered. Instead of continuing with paragraph numbers 70, 71 and 72, Plaintiff repeats numbers 65, 66 and 67, which have been used earlier under the Second and Third Claims For Relief.

### SIXTH AFFIRMATIVE DEFENSE

Defendants Bank of America Corporation and Banc of America Specialist, Inc. did not condone any of the conduct alleged by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants' liability and penalties, if any, should be mitigated by virtue of the factors set forth in § 8-107(13)(d) and (e) of the New York City Human Rights Law.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant Bank of America Corporation did not employ Plaintiff within the meaning of the New York State Human Rights Law or the New York City Human Rights Law.

### NINTH AFFIRMATIVE DEFENSE

Defendants Lucey, Smyth, Conklin and Quick are not employers within the meaning of the New York States Human Rights Law or the New York City Human Rights Law and did not employ Plaintiff within the meaning of the New York State Human Rights Law or the New York City Human Rights Law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, pursuant to the Statue of Frauds.

**WHEREFORE**, Defendants demand judgment against Plaintiff dismissing the Complaint in its entirety, together with an award of reasonable attorneys' fees, the costs and disbursements of this action, and such other relief this Court deems just proper and equitable.

Dated: January 3, 2008

        PROSKAUER ROSE LLP
        1585 Broadway
        New York, New York  10036-8299
        (212) 969-3000
        Attorneys for Defendants
        Bank of America Specialist, Inc.
        Bank Of America Corporation,
        Robert Lucey, Frank Smyth, John
        Conklin and Christopher Quick

        By: s/Daniel O'Donnell
            Lloyd B. Chinn (LC-7953)
            Daniel J. O'Donnell (DO-4630)
            dodonnell@proskauer.com

## **CERTIFICATION OF SERVICE**

I hereby certify that on this date I caused to be served by fax and email, Defendants' Answer to Second Amended Complaint upon attorneys for Plaintiff, Alan L. Sklover, Esq., Sklover & Donath, LLC, Ten Rockefeller Plaza, Suite 816, New York, New York 10020

        PROSKAUER ROSE LLP
        1585 Broadway
        New York, New York  10036-8299
        (212) 969-3000
        Attorneys for Defendants
        Bank of America Specialist, Inc.
        Bank of America Corporation,
        Robert Lucey, Frank Smyth, John
        Conklin and Christopher Quick


  By:   s/Daniel O'Donnell
        Daniel J. O'Donnell (DO-4630)
        dodonnell@proskauer.com

Dated: January 3, 2008